UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IBEW LOCAL 102 WELFARE, PENSION, ANNUITY and JOINT APPRENTICESHIP TRAINING FUND and THEIR BOARDS of TRUSTEES, IBEW LOCAL 102 DISTRIBUTION FUND<br><br>Plaintiffs,<br><br>v.<br><br>PETROCELLI ELECTRIC of NEW JERSEY,<br><br>Defendant. | Civ. No. 2:13-0858 (KM) (MAH)<br><br>DEFAULT JUDGMENT & ORDER |

**THIS MATTER** having been opened to the Court by Plaintiffs IBEW Local 102 Welfare, Pension, Annuity and Joint Apprenticeship Training Fund and Their Board of Trustees (the "Union") and IBEW Local 102 Distribution Fund (the "Collection Agent") by a Motion for Default Judgment against Defendant Petrocelli Electric of New Jersey ("Petrocelli") (Docket No. 7), pursuant to Fed. R. Civ. P. 55(b)(2); and the motion being unopposed; and having considered the moving papers and the supplemental documentation filed by Plaintiff, including the Collective Bargaining Agreements between Plaintiffs and Defendant (Docket No. 9), and the entire case file; and

**IT APPEARING** that Defendant was served with the Complaint on February 20, 2013 (Docket No. 4), but did not respond; that the Court has jurisdiction pursuant to 29 U.S.C. §§ 1132 and 1145 ("ERISA") and 29 U.S.C. § 185 ("LMRA"); and that the Clerk entered default as to Defendant on June 6, 2013; and

**IT FURTHER APPEARING** that Defendant is an employer who is bound to Collective Bargaining Agreements which require it to make payments to the Plaintiff Funds for and on behalf of employees employed by Petrocelli (Docket Nos. 1, 9); and

**IT FURTHER APPEARING** that in or about May 2012 Plaintiffs caused a contribution compliance audit to be conducted of Defendant's books and records and that this audit disclosed that Defendant failed to remit payments in accordance with the terms of the Collective Bargaining Agreements for work performed by Defendant's employees for the period of January 1, 2006 to December 31, 2010 in the sum of $76,150.33 (Docket No. 1 ¶10); and

**IT FURTHER APPEARING** that the Collective Bargaining Agreements allow for Plaintiffs to commence collections actions in this Court, pursuant to Sections 502(g) and 515 of ERISA, to enforce the employer's obligation (Docket No. 9, Exhibit 1, Exhibit 2, Exhibit 4); and

**IT FINALLY APPEARING** that Plaintiffs have submitted sufficient evidence to support its request for relief pursuant to Fed. R. Civ. P. 55(b); and that Plaintiffs have also submitted a reasonable request for attorneys' fees and costs in accordance with the Agreement and 29 U.S.C. § 1132; and that Plaintiff is entitled to liquidated damages and interest under the Collective Bargaining Agreements, Restated Agreement, Declaration of Trust (Docket No. 9, Exhibit 4), and 29 U.S.C. § 1132; and for good cause shown:

**IT IS** this 5th day of June 2014,

**ORDERED** and **ADJUDGED** that Plaintiffs' Motion for Default Judgment is **GRANTED** and that Plaintiffs are **GRANTED** the following relief to be collected from Defendant Petrocelli Electric of New Jersey:

1. $76,150.33 in unpaid contributions for work performed between January 1, 2006 and December 31, 2010;

3. Attorney's fees in the amount of $4,000.00;

4. Costs and fees in the amount of 420.00;

5. Liquidated damages at a rate of 20% of the principal debt in the amount of $15,230.06; and

4. Interest to date in the amount of $6,521.92; and

6. Post-judgment interest, as appropriate under 29 U.S.C. Section 1132(g)(2) by reference to 26 U.S.C. Section 6621, until the judgment is

2

satisfied; and it is finally

**ORDERED** and **ADJUDGED** that Plaintiffs shall serve a copy of this Order on Defendant in person within 10 business days. Plaintiffs shall file proof of such service with the Court.

*/s/ Kevin McNulty*
**KEVIN MCNULTY**
**United States District Judge**